STATE OF NORTH DAKOTA EX REL. R. W. FRAZIER, Appellant, v. THOMAS HALL, as Secretary of State, Respondent.

(197 N. W. 687.)

**Statutes — governor may accelerate time for holding referendum election.**

Where certain legislative acts, not emergency measures, enacted in 1923 were referred by referendum petitions filed which designated the time for holding the referendum elections at the general election to be held in November, 1924, and where the governor by a proclamation called a special election for such referred measures to be held on March 18th, 1924, it is held, under the constitutional provision providing that referred measures, not emergency measures, shall be voted upon at any state-wide election designated in the referendum petition or at a special election called by the governor, that the governor had the power to accelerate the time for holding the election upon such referred measures by calling a special election.

Opinion filed March 1, 1924.

Statutes, 36 Cyc. p. 942 n. 24 New.

In District Court, Burleigh County, *Berry,* J.

Injunction proceedings to restrain the secretary of state from submitting to the electors on March 18th, 1924, certain referred legislative

acts adopted in 1923. The plaintiff has appealed from an order sustaining a demurrer and dismissing the injunctional proceedings.

Affirmed.

*F. O. Hellstrom* and *Joseph Coghlan,* for appellant.

*Geo. F. Shafer,* Attorney General, for respondent.


PER CURIAM. This is an action to restrain the secretary of state from submitting to the electors at the presidential election to be held on March 18th, 1924, certain legislative acts theretofore made subject to referendum petitions. Petitioner has appealed from the order of the trial court sustaining a demurrer to the petition and dismissing the action.

The facts, necessary to be stated, are: The last Legislative Assembly enacted chap. 204, Session Laws, 1923 relating to partisan elections; chap. 205, Laws 1923 relating to Non Partisan elections; chap. 208, Laws 1923 relating to a party central committee; and § 2 of chap. 300, Laws 1923 relating to bank stock taxes. Each of these acts was adopted without any emergency clause. On May 31st, 1923, and before these acts became effective as laws, referendum petitions signed by more than 7,000 electors of the state were filed for the purpose of referring these acts to a vote of the electors. The referendum petitions designated the general election to be held on the 4th of November, 1924, as the date of the referendum election for such laws. On Jan. 30th, 1924, the governor called a special election for the purpose of submitting to the voters of the state the legislative acts, thus made subject to the referendum petitions, to be held on March 18th, 1924. This date is the date for holding the presidential preference primary election. Under article 26 of the Constitution, as adopted by the people in 1918 and ratified by the Legislature in 1919, the power of the people to cause a referendum of legislative acts for the vote of the electorate is specifically reserved. This article permits 7,000 electors at large, by referendum petitions, to suspend the operation of any measure enacted by the legislature, except an emergency measure. It provides that each measure "referred to the electors shall be submitted by its ballot title which shall be placed upon the ballot by the Secretary of State and *shall be voted upon at any state-wide election designated in the petition,*

or, *at a special election called by the Governor."* (The italics are ours.) Further, this Article provides:—

"If a referendum petition is filed against an emergency measure, such measure shall be a law until voted upon by the electors. And if it is then rejected by a majority of the votes cast thereon, it shall be thereby repealed. Any such measure shall be submitted to the electors at a special election if so ordered by the governor or if the referendum petition filed against it shall be signed by thirty thousand electors at large. Such special election shall be called by the governor, and shall be held not less than one hundred nor more than one hundred thirty days after the adjournment of the session of the legislature."

In substance, the petitioner contends that the governor has no power to call a special election upon acts, not emergency acts, made subject to referendum petitions when petitioning electors have designated in the referendum petitions a particular time for submission of the acts at a state-wide election; that the governor has the power to call a special election only upon referendum petitions that affect emergency measures concerning which special authority is granted and special duties are imposed upon him.

On the oral argument it was urged that if the governor, regardless of the date selected by the referendum petitions, possessed this independent power to call a special election upon acts, not emergency measures, he might practically annul the constitutional provision by postponing the time of a special election after the time designated by the petitioning electors and, besides, might wholly defeat or abrogate the power granted to the petitioning electors to fix the time for holding a state-wide election upon acts so referred.

The precise question presented upon this appeal is whether the Governor has the power, pursuant to the constitutional provisions quoted, to call a special election in advance of the time designated by petitioning electors in referendum petitions. In answering this question, we are clearly of the opinion that the language of the constitutional provisions and intent thereof, considered in connection with the cognate law, contemplated and gave the power to petitioning electors to designate in referendum petitions a time when referred acts, not emergency measures, might be submitted to the electors at any state-wide election, and, also, gave to the Governor the power to accelerate the time of

holding an election upon such referred measures by calling a special election. These alternative powers so granted to the petitioning electors and to the Governor, are consistent with the fundamental theory of checks and balances, and act as checks one upon the other, so that the petitioning electors, if they so desire, may fix the time beyond which such election may not be deferred; and, on the other hand, so that the governor, if in his judgment the exigencies of the situation so require, may accelerate the time designated by calling a special election. The order of the trial court is affirmed and the temporary restraining order issued pending the appeal discharged.

BRONSON, Ch. J., and BIRDZELL, CHRISTIANSON, JOHNSON, and NUESSLE, JJ., concur.